KEVIN V. RYAN (SBN 118321)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Acting Chief, Civil Division
JONATHAN U. LEE (SBN 148792)
Assistant United States Attorney

    450 Golden Gate Avenue, Tenth Floor
    San Francisco, California 94102
    Telephone:    (415) 436-6909
    Facsimile:    (415) 436-6748
    Email: jonathan.lee@usdoj.gov

Attorneys for Defendant, UNITED STATES OF AMERICA

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| EXPLORER INSURANCE COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Defendant. ) <br> _____ ) | No. C 05-0778 CRB <br><br> **STIPULATION AND [PROPOSED] ORDER APPROVING COMPROMISE SETTLEMENT** |

    IT IS HEREBY STIPULATED by and between Plaintiff Explorer Insurance Company ("Plaintiff"), and Defendant United States of America, as follows:

    1.    The parties hereby agree to settle and compromise the above-entitled action under the terms and conditions set forth herein.

    2.    Defendant United States of America agrees to pay to Plaintiff Explorer Insurance Company the sum of One Thousand Five Hundred Dollars exactly ($1,500.00), which shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from and by reason of any and all known and unknown, foreseen and unforeseen, bodily and personal injuries and the consequences thereof, resulting, and to result, from the same subject matter that gave rise to the above-captioned lawsuit, including any claims for wrongful death, for which Plaintiff Explorer Insurance Company or its

STIPULATION AND [PROPOSED] ORDER APPROVING COMPROMISE SETTLEMENT
C 05-0778 CRB

heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America, its agencies, agents, servants, and employees.

3. Plaintiff and its heirs, executors, administrators or assigns hereby agree to accept the sum stated in paragraph 2 in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, economic losses, and the consequences thereof which they may have or hereafter acquire against the United States of America, its agencies, agents, servants and employees on account of the same subject matter that gave rise to the above-captioned lawsuit, including any future claim for wrongful death.

4. This stipulation for compromise settlement shall not constitute an admission of liability or fault on the part of the United States, its agencies, agents, servants, or employees, and is entered into by the parties for the purpose of compromising disputed claims and avoiding the expenses and risks of litigation.

5. This Agreement may be pled as a full and complete defense to any subsequent action or other proceeding involving any person or party which arises out of the claims released and discharged by the Agreement.

6. It is also understood by and among the parties that, pursuant to Title 28, United States Code, Section 2678, attorneys' fees for services rendered in connection with this action shall not exceed 25 percent of the amount of the compromise settlement.

7. Payment of the settlement amount to Plaintiff Chavers will be made by a check for One Thousand Five Hundred Dollars exactly ($1,500.00) and made payable to plaintiff Explorer Insurance Company and the Law Offices of Todd F. Haines.

8. In consideration of this Agreement and the payment of the foregoing amounts thereunder, Plaintiff Explorer Insurance Company agrees that upon notification that the settlement check is ready for delivery, plaintiff will deliver to Defendant's counsel a fully executed Notice of Dismissal with prejudice of <u>Explorer Insurance Company v. United States</u>, Northern District of California case number C 05-0778 CRB. Upon delivery of the Notice of Dismissal, Defendant's counsel will release the settlement check to Plaintiffs' counsel or their

agents.

9. Plaintiff Explorer Insurance Company has been informed that payment will be made within sixty days of full execution of the settlement agreement and the delivery of a completed Form W-9 (Request for Taxpayer Identification Number and Certification) for each person or entity listed as a payee on the settlement check.

10. The parties agree that should any dispute arise with respect to the implementation of the terms of this Agreement. Plaintiff shall not seek to rescind the Agreement and pursue its original causes of action. Plaintiff's sole remedy in such a dispute is an action to enforce the Agreement in district court. The parties agree that the district court will retain jurisdiction over this matter for the purposes of resolving any dispute alleging a breach of this Agreement.

11. Plaintiff hereby releases and forever discharges the United States and any and all of its past and present officials, employees, agencies, agents, attorneys, their successors and assigns, from any and all obligations, damages, liabilities, actions, causes of action, claims and demands of any kind and nature whatsoever, whether suspected or unsuspected, at law or in equity, known or unknown, arising out of the allegations set forth in the pleadings in this action.

12. The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

Plaintiff Explorer Insurance Company, having been apprised of the statutory language of Civil Code Section 1542 by its attorneys, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights it may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiff understands that, if the facts concerning Plaintiff's injuries and the liability of the government for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by them to be true, the Agreement shall be and remain effective notwithstanding such material difference.

13. This instrument shall constitute the entire Agreement between the parties, and it is expressly understood and agreed that the Agreement has been freely and voluntarily entered into by the parties with the advice of counsel, who have explained the legal effect of this Agreement.

|   |   |
|---|---|
| 1 | The parties further acknowledge that no warranties or representations have been |
| 2 | made on any subject other than as set forth in this Agreement. This Agreement may not be |
| 3 | altered, modified or otherwise changed in any respect except by writing, duly executed by all of |
| 4 | the parties or their authorized representatives. |

Dated: August ___, 2005

*/s/*
EXPLORER INSURANCE COMPANY
Plaintiff

Dated: August ___, 2005

LAW OFFICES OF TODD F. HAINES

*/s/*
TODD F. HAINES
DAVID A. LEEDS
Attorneys for Explorer Insurance Company

Dated: August 12, 2005

KEVIN V. RYAN
United States Attorney

*/s/*
JONATHAN U. LEE
Assistant United States Attorney
Attorneys for Defendant USA

## [PROPOSED] ORDER

APPROVED AND SO ORDERED.

Dated: August 15, 2005

THE HONORABLE CHARLES R. BREYER
United States District Judge

APPROVED
Judge Charles R. Breyer